1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                               EASTERN DISTRICT OF CALIFORNIA

10   KEITH SERIALES,                          )      1:09-cv-00355-BAK-GSA HC
                                              )
11                    Petitioner,             )      ORDER DENYING PETITIONER'S
                                              )      MOTIONS FOR STAY OF PROCEEDINGS
12            v.                              )      ON PETITION FOR WRIT OF HABEAS
                                              )      CORPUS  (Docs. 2 & 7)
13                                            )
                                              )
14   K. HARRINGTON,                           )
                                              )
15                    Respondent.             )
     _____ )

16

17        _____ Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19        Petitioner originally filed his federal petition in the Sacramento Division of this Court on

20   February 23, 2009; on February 26, 2009, the case was transferred to the Fresno Division.  (Docs. 1

21   & 5).  Contemporaneous with the filing of the petition, which contains eight claims that Petitioner

22   contends are fully exhausted, Petitioner filed a request to hold the proceedings in abeyance pending

23   exhaustion of potentially dispositive claims in state court.  (Doc. 2).  In that motion, Petitioner seeks

24   a stay of proceedings to exhaust six additional claims.  (Id.).  The nature of the claims is summarized

25   in the motion as "four claims of Ineffective Assistance of trial and appellate counsel, one Brady

26   Violation, one Miranda Violation, and a Restitution issue."  (Id. at p. 1).

27        Before the Court could rule on Petitioner's February 26, 2009 motion, Petitioner filed a

28   second motion for stay on March 9, 2009, seeking a stay in order to exhaust nine issues in state

1   court, summarized by Petitioner as "three claims of ineffective assistance of trial and appellate

2   counsel, one Brady violation, on Miranda violation, juror misconduct, a witness in the courtroom

3   during testimony, the trial court's failure to grant a continue motion during sentencing and a

4   restitution issue." (Doc. 7, p. 2).

5                                              **DISCUSSION**

6          Traditionally, a district court has had the discretion to stay a petition which it may validly

7   consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th

8   Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002

9   (1997).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte

10  blanche to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a

11  stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in

12  order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper

13  for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance

14  in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small,

15  315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James

16  v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

17         Notwithstanding the foregoing, until recently, federal case law continued to require that the

18  Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy,

19  455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court decided

20  Rhines v. Weber, 544 U.S. 269 (2005).  Recognizing that "[a]s a result of the interplay between

21  AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to

22  federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal

23  review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay

24  and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted

25  claims before proceeding with their federal petitions.  Rhines, 544 U.S. at 276-277.  In so holding,

26

27         [1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

28

1  the Supreme Court noted that the procedure should be "available only in limited circumstances."

2  544 U.S. at 277.  Specifically, the Court said it was appropriate only when (1) good cause exists for

3  petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3)

4  there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay."  Id. at

5  277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005).  When a petitioner has met these

6  requirements, his interest in obtaining federal review of his claims outweighs the competing interests

7  in finality and speedy resolution of federal petitions.  Rhines, 544 U.S. at 278.

8       Here, Petitioner has alleged in both motions that all of the claims in the instant petition are

9  exhausted; thus, the petition does not appear to be mixed.  However, Petitioner now wishes to

10  exhaust nine additional grounds in state court. Applying the Rhines standards, the Court concludes

11  that it must, at this juncture, deny Petitioner's motion for stay without prejudice because Petitioner

12  has not presented sufficient information for the Court to determine whether or not, if exhausted, the

13  additional claims are "plainly meritless."  Indeed, rather than explaining the factual and legal basis

14  for the claims he seeks to exhaust, Petitioner, in both motions, has simply presented this Court with a

15  laundry list of potential claims in a summary fashion, e.g., "three claims of ineffective assistance of

16  trial and appellate counsel," that precludes the Court from conducting the analysis of the potential

17  merits of the proposed claims that is required by Rhines.

18       Thus, because the Court cannot determine whether Petitioner's proposed grounds are "plainly

19  meritless" under Rhines. 544 U.S. at 277-278, the Court is unable to determine whether a stay is

20  justified in order to exhaust the proposed claims.  Accordingly, the Court must deny both motions.

21                                          **ORDER**

22       Accordingly, IT IS HEREBY ORDERED that:

23       1. Petitioner's request to hold proceedings in abeyance (Doc. 2), is DENIED for lack of

24  specificity; and,

25       2.  Petitioner's motion for abeyance of proceedings (Doc. 7), is DENIED for lack of

26  specificity.

27        IT IS SO ORDERED.

28       **Dated:    August 21, 2009**                    **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE